# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Clifton M. Martin,**
**Petitioner Below, Petitioner**

**vs.)   No. 20-0757** (Kanawha County 20-P-253)

**Karen Pszczolkowski, Superintendent,**
**Northern Correctional Facility,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Self-represented petitioner Clifton M. Martin appeals the September 16, 2020, order of the Circuit Court of Kanawha County dismissing his petition for a writ of habeas corpus without prejudice. Respondent Karen Pszczolkowski, Superintendent, Northern Correctional Facility, by counsel Katherine M. Smith, filed a summary response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The appellate record in this case is sparse, consisting of only (1) the docket sheet from Kanawha County Case No. 20-P-253; (2) petitioner's September 9, 2020, petition for a writ of habeas corpus; and (3) the circuit court's September 16, 2020, dismissal order. In petitioner's habeas petition, he provides the underlying criminal case number but omits several critical facts, including the offenses with which he was charged, the offenses to which he pled guilty, and the sentences he is serving.

In petitioner's habeas petition, he alleged that trial counsel was ineffective by (1) failing to conduct an adequate investigation into the facts of his case; (2) failing to file a motion to have petitioner undergo a psychological evaluation; and (3) erroneously advising petitioner that

1

voluntary intoxication and diminished capacity were not potential defenses in the underlying criminal case.[1] However, the petition contains no factual allegations about petitioner's level of intoxication or mental condition at the time of his offenses.[2] Accordingly, by order entered on September 16, 2020, the circuit court found that petitioner's habeas petition could be dismissed pursuant to Rule 4(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia ("Habeas Rule 4(c)"), which provides, in pertinent part: "If the petition contains a mere recitation of grounds without adequate factual support, the court may enter an order dismissing the petition, without prejudice, with directions that the petition be refiled containing adequate factual support. The court shall cause the petitioner to be notified of any summary dismissal." Accordingly, the circuit court dismissed the habeas petition without prejudice and, in compliance with Habeas Rule 4(c), directed the circuit clerk to "serve a copy of this order upon . . . petitioner."

Petitioner now appeals the circuit court's September 16, 2020, order dismissing his habeas petition. We review a circuit court order dismissing a habeas petition under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016).

On appeal, petitioner argues that the instant case should be remanded to the circuit court with directions to make sufficient findings of fact and conclusions of law pursuant to Syllabus Point 1 of *State ex rel. Watson v. Hill*, 200 W. Va. 201, 488 S.E.2d 476 (1997), in which we held that "West Virginia Code section 53-4A-7(c) (1994) requires a circuit court denying or granting relief in a habeas corpus proceeding to make specific findings of fact and conclusions of law relating to each contention advanced by the petitioner, and to state the grounds upon which the

---

[1]The other claim set forth in petitioner's habeas petition is derivative of his first claim in that he alleged that ineffective assistance of counsel caused the circuit court to "lack[ ] jurisdiction to enter a valid judgment" against him.

[2]A defendant's level of intoxication impacts the availability of voluntary intoxication as a defense. *See State v. Brant*, 162 W. Va. 762, 766, 252 S.E.2d 901, 903 (1979) (finding that "[voluntary] intoxication will serve as a defense to a specific intent crime such as burglary, when it appears that the defendant was so incapacitated that he could not formulate the intent to commit a felony after breaking and entering"). Similarly, the diminished capacity defense allows a defendant to introduce "expert testimony regarding a mental disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged," but "does not preclude a conviction for a lesser included offense." Syl. Pt. 3, *State v. Joseph*, 214 W. Va. 525, 590 S.E.2d 718 (2003).

matter was determined."[3] In *Watson*, we found that our review of the circuit court order therein was "hindered by the circuit court's failure to articulate its reasons for [the] denial [of the habeas petition]." *Id.* at 203, 488 S.E.2d at 478. Here, respondent argues that the circuit court properly relied upon Habeas Rule 4(c) in dismissing the habeas petition without prejudice as petitioner's claims lacked adequate factual support. Respondent further argues the circuit court complied with Habeas Rule 4(c)'s requirement—to notify petitioner that his petition could be refiled, provided that adequate factual support was set forth therein—by directing that a copy of its order be served on petitioner. We agree with respondent and find that, due to the circuit court's compliance with Habeas Rule 4(c), its order sufficiently articulated its reasons for dismissing the habeas petition.

Petitioner further argues that the circuit court should have appointed habeas counsel and held a hearing on his claims. Respondent counters that the circuit court properly dismissed the habeas petition. We have held that

> "'[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief.' Syllabus Point 1, *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973)." Syl. Pt. 2, *White v. Haines*, 215 W.Va. 698, 601 S.E.2d 18 (2004).

*Anstey*, 237 W. Va. at 412, 787 S.E.2d at 864, syl. pt. 3. Here, based upon our review of petitioner's habeas petition, we concur with the circuit court's finding that the petition could be dismissed, without prejudice, pursuant to Habeas Rule 4(c). *See Losh v. McKenzie*, 166 W. Va. 762, 771, 277 S.E.2d 606, 612 (1981) (finding that the assertion of habeas claims "without detailed factual support does not justify the issuance of a writ, the appointment of counsel, and the holding of a hearing"). Therefore, we conclude that the circuit court did not abuse its discretion in dismissing petitioner's habeas petition.

For the foregoing reasons, we affirm the circuit court's September 16, 2020, order dismissing petitioner's petition for a writ of habeas corpus without prejudice.

---

[3]West Virginia Code § 53-4A-7(c) provides, in pertinent part:

> When the court [in a post-conviction habeas corpus proceeding] determines to deny or grant relief . . ., the court shall enter an appropriate order . . . . In any order entered in accordance with the provisions of this section, the court shall make specific findings of fact and conclusions of law relating to each contention or contentions and grounds (in fact or law) advanced, shall clearly state the grounds upon which the matter was determined, and shall state whether a federal and/or state right was presented and decided.

Rule 9(c) of the Rules Governing Post-Conviction Habeas Corpus Proceedings in West Virginia imposes a similar requirement for findings of fact and conclusions of law.

Affirmed.

**ISSUED**: August 27, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4